IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE E. BENNETT, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-4623 |
| | § | |
| CHASE HOME FINANCE LLC, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This mortgage foreclosure case is before the Court on the Motion to Dismiss [Doc. # 3] filed by Defendant Chase Home Finance LLC ("Chase"). By Order [Doc. # 5] entered November 24, 2010, Plaintiff Willie E. Bennett was directed to file any response in opposition to the Motion to Dismiss by December 17, 2010. Plaintiff was cautioned that failure to respond by the December 17, 2010, deadline could result in dismissal of this case. Plaintiff neither filed a response nor requested additional time to do so. Having reviewed the full record and applied governing legal authorities, the Court **grants** the Motion to Dismiss.

Plaintiff alleges that he was in default on his mortgage and that he requested a loan modification plan. *See* Original Petition [Doc. 1-1], ¶¶ 7-8. Plaintiff alleges that he was given notice that foreclosure of his property was scheduled for August 3, 2010. Plaintiff alleges that he filed a bankruptcy petition in the United States District Court

P:\ORDERS\11-2010\4623MD.wpd   101221.1558

for the Southern District of Texas on July 29, 2010, and that the bankruptcy case was not dismissed until October 20, 2010.  Plaintiff alleges that his bankruptcy filing was before the foreclosure date and "should have stopped the sale."  *Id.*, ¶ 13. Plaintiff asserts that any foreclosure during the time his bankruptcy case was pending is "of no effect."  *Id.*, ¶ 14.  Plaintiff seeks reinstatement of the loan and a declaration that he is the "title holder."  *See id.*, ¶ 15.

Chase seeks dismissal of Plaintiff's lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiff fails to state a claim upon which relief can be granted.  In deciding whether Plaintiff states a claim for relief in this lawsuit, the Court must "determine whether the plaintiff has stated a legally cognizable claim that is plausible."  *See Lone Star Fund V (U.S.), L.P. v. Barclay's Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  In making that determination, the Court may consider all matters of which it may take judicial notice.  *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996); *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995).  A court may take judicial notice of its own court's records.  *See Sec. & Exch. Comm'n v. First Fin. Group of Texas*, 645 F.2d 429, 433 n.6 (5th Cir. 1981) ("A court may take judicial notice of its own records and or those of inferior courts."); *Crompton Mfg. Co. Inc. v. Plant Fab, Inc.*, 91 F. App'x 335, 337 n.1 (5th Cir. Mar. 2, 2004); *In re Arhens*, 120 B.R. 852, 854 (Bankr. S.D. Tex. 1990).

Plaintiff's complaint is based on his position that the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362(a)(1), prevented foreclosure. The automatic stay "shall not go into effect," however, where a debtor files a bankruptcy petition after having two or more bankruptcy cases dismissed within the previous year. *See* 11 U.S.C. § 362(c)(4)(A)(i).  In this case, the records of this Court – specifically the records of the United States Bankruptcy Court for the Southern District of Texas – establish that Plaintiff filed a bankruptcy petition on August 3, 2009, that was dismissed on August 19, 2009.  Plaintiff also filed a bankruptcy petition on November 2, 2009, that was dismissed on December 8, 2009.[1]  These two dismissals occurred within the year preceding Plaintiff's bankruptcy filing on July 29, 2010.  As a result, § 362(c)(4)(A)(i) applies, and the automatic stay did not "go into effect" upon the filing on the July 29, 2010 petition.

Because there was no automatic stay following Plaintiff's July 29, 2010, bankruptcy filing, Plaintiff's assertion that the foreclosure was "of no effect" fails to state a claim upon which relief can be granted.  Accordingly, it is hereby

---

[1]     The December 8, 2009, dismissal was with prejudice and included an order that "Willie E. Bennett, Jr., is barred from refiling bankruptcy under any chapter of the Bankruptcy Code for a period of one (1) year[.]" *See* Doc. # 22 in Bankruptcy Case No. 09-38349.

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 3] is **GRANTED**.

The Court will issue a separate Dismissal Order.

SIGNED at Houston, Texas, this **21ˢᵗ** day of **December, 2010**.

Nancy F. Atlas
United States District Judge